I believe it is important to explain why I concur in the opinion. The opinion could be read as reducing, if not eliminating, the "intent" requirement that has been found in our older decisions. See Simonetti, Inc. v. State ex rel.Gallion, 272 Ala. 398, 132 So.2d 252 (1961); San Ann TobaccoCo. v. Hamm, 283 Ala. 397, 217 So.2d 803 (1968). If I believed this to be the effect of the Court's opinion, I would dissent, but I do not believe that to be its effect.
The opinion adopts a means-ends analysis similar to that employed in Mount Royal Towers, Inc. v. Alabama Board ofHealth, 388 So.2d 1209 (Ala. 1980). While Mount Royal
criticizes cases such as Simonetti, it does not expressly overrule them, and the majority opinion in the present case correctly notes that Mount Royal misconstrued Simonetti as being an "affected-with-a-public-interest" case. Adoption of a means-ends analysis is not inconsistent with requiring an intent element. The opinion recognizes that courts in other states, in considering "sale below cost" statutes, have required an intent element while employing a means-ends analysis. It is stated in 41 A.L.R. 4th 612, 619 (1985) that "[i]t is also required that any sale below cost be made with anticompetitive intent before a statute prohibiting such a practice will be applicable."
The opinion makes it clear that "[i]f the act penalizesinnocent acts not reasonably related to the problems of monopolistic practices or other deceptive, disruptive, or destructive price cutting, the act strikes too broadly." (Emphasis added.) It goes on to say, "we construe the statute as prohibiting sales below cost that tend to destroy or substantially lessen competition, not just those that are 'unfair.' "
While the opinion never explicitly states that the means-ends analysis adopted to test the constitutionality of a statute includes an intent element, neither does it explicitly reject the necessity of proving an intent, in spite of the fact that it recognizes that an intent element is required in most, if not all, other jurisdictions. I find this to be significant in my conclusion that an intent element is implicitly embraced in the new test.
The ambiguity that exists in the opinion arises in two areas. The first is where the opinion rejects theSimonetti reasoning that a statute must require a showing of both intent to injure competitors and intent to destroy or substantially lessen competition. As is pointed out, the need to address this issue arose due to the use of the disjunctive rather than the conjunctive in Code 1975, § 8-22-3. As I read the opinion, it merely states that the two phrases are substantially the same and rejects the Simonetti conclusion that "intent to injure competitors" speaks to ordinary competition. In other words, the majority opinion does not lessen the burden imposed upon the state for proof of a violation but holds that the requirement of intent to injure competitors is substantially similar to the requirement of intent to destroy or substantially lessen competition.
Second, the opinion notes that the penalty provisions of the act in § 8-22-6 and § 8-22-9 do not include an intent element but, instead, prohibit certain conduct when the "effect
is to injure competition." (Emphasis added.) In light of the requirement that such acts are constitutional only if there is an "intent" element, we could either strike down the statute as unconstitutional for prohibiting acts that have certain effects rather than prohibiting acts accompanied with the requisite intent or uphold the statute by reading an intent element into it.
The majority opinion takes the latter view. I find this approach to be appropriate *Page 1289 
in light of the legislature's clear intent to prohibit conduct where the actor had the intent to injure competitors or destroy or substantially lessen competition. Code 1975, § 8-22-3. Therefore, it is appropriate to construe the penalty provisions to have an intent element. However, rather than requiring the state to show such an intent as part of its prima facie case, I construe the opinion to say that such an intent will be presumed upon a showing that the acts have the effect of injuring competition. The defendant can rebut that presumption by proving the lack of intent. With respect to the majority opinion's observation that the defendant can prove lack of a harmful intent either in avoidance of liability or in mitigation of any penalty, if a case arose where the evidence showed conclusively that the defendant had no harmful intent, I believe that no liability could attach.